UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSIE J. BARNES,

                              Plaintiff,                      9:23-cv-1490 (BKS/TWD)

v.

RICHARD C. FINNEGAN, et al.,

                              Defendants.
_____

**Appearances:**

*Plaintiff Pro Se:*
Jessie J. Barnes
09-B-2707
Lakeview Shock Incarceration Correctional Facility
P.O. Box T
Brocton, NY 14716

*For Defendants:*
Letitia James
Attorney General of the State of New York
Elizabeth V. Lombardi
Assistant Attorney General
300 South State Street, Suite 300
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

I.      INTRODUCTION

Plaintiff pro se Jessie Barnes brings this action asserting claims under U.S.C. § 1983 arising out of his incarceration at Upstate, Clinton, and Midstate Correctional Facilities. (*See* Dkt. No. 36 (Second Amended Complaint)). On March 30, 2025, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* ("IFP") status and dismiss Plaintiff's complaint pursuant to

1

28 U.S.C. § 1915(g). (Dkt. No. 52). Plaintiff opposed the motion. (Dkt. No. 66).[1] This matter was assigned to Magistrate Judge Thérèse Wiley Dancks, who on June 13, 2025 issued a Report-Recommendation and Order recommending that Plaintiff's IFP status be revoked, and that Plaintiff be given thirty days to pay the statutory filing fee if he wishes to proceed with this action. (Dkt. No. 112). For the reasons that follow, the Report-Recommendation is adopted in its entirety.

## II.   BACKGROUND

On November 29, 2023, Plaintiff commenced this action by filing a complaint asserting claims under U.S.C. § 1983. (*See* Dkt. No. 1). Plaintiff also moved for leave to proceed IFP. (Dkt. No. 2). The initial complaint was incomplete, (*see* Dkt. No. 6), and Plaintiff filed an amended complaint on July 10, 2024. (Dkt. No. 19). On September 3, 2024, this Court granted Plaintiff's application to proceed IFP, found that certain of Plaintiff's claims survived sua sponte review and required a response, and dismissed several other claims. (*See* Dkt. No. 22, at 74-79).

Plaintiff filed a motion for reconsideration of the September 3, 2024 Order, (Dkt. No. 27), which "included new facts in support of certain dismissed claims[,]" (Dkt. No. 29). The Court denied Plaintiff's motion for reconsideration without prejudice to Plaintiff either "(1) filing a motion to amend that detail[ed] any changes to the amended complaint, together with a proposed amended complaint; or (2) filing a letter clarifying his desire to have the Court consider only the aspects of his motion for reconsideration that [were] not supported by new or supplemental allegations." (*Id.*). On November 4, 2024, Plaintiff filed a motion to amend his complaint and a proposed second amended complaint. (Dkt. Nos. 32; 32-1). The Court granted

---

[1] Plaintiff also filed a surreply without leave of Court. (Dkt. No. 106). Plaintiff is expected to follow the local rules of the Northern District of New York which do not permit a surreply absent leave of Court. *See* Local Rule NDNY 7.1(a)(1).

the motion to amend in part and denied it in part, and once again found that certain of Plaintiff's claims survived sua sponte review. (Dkt. No. 35, at 54-57).

On March 20, 2025, Defendants filed a motion to revoke Plaintiff's IFP status and dismiss the Second Amended Complaint. (Dkt. No. 52). Plaintiff filed an opposition to the motion. (Dkt. No. 66). On June 13, 2025, Magistrate Judge Dancks issued a Report-Recommendation finding that Plaintiff had accrued three "strikes" under 28 U.S.C. § 1915(g) from previously filed actions, and that the "imminent danger exception" to the three strikes rule did not apply. (Dkt. No. 112, at 11-13). Magistrate Judge Dancks therefore recommended that Defendants' motion to revoke Plaintiff's IFP status be granted, and that Plaintiff be given thirty days to pay the statutory filing fee. (*Id.* at 13). Plaintiff filed timely objections to the Report-Recommendation, to which Defendants have responded. (Dkt. Nos. 117, 118).

### III.    STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation

omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487.

## IV. DISCUSSION

"Although a prisoner who does not have the financial resources to prepay docketing fees may be allowed to proceed *in forma pauperis*, the PLRA contains a 'three-strikes' rule that bars prisoners from proceeding IFP if they have a history of filing frivolous or malicious lawsuits, with an exception provided for a prisoner who is in imminent danger of serious physical injury." *Akassy v. Hardy*, 887 F.3d 91, 93 (2d Cir. 2018) (internal quotations omitted) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)). Under the three-strikes rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

*Id.* (quoting 28 U.S.C. § 1915(g)).

Defendants identified "seven lawsuits previously brought by [P]laintiff[,]" which Defendants contended "were adjudicated on grounds that constitute a 'strike[.]'" (Dkt. No. 112, at 4 (citing Dkt. No. 52-1, at 9-11)). Magistrate Judge Dancks determined that Plaintiff accrued "strikes" in three of these actions: (1) *Barnes v. Fisher*, No. 15-0440, 11-cv-0583, Dkt. No. 216 (2d Cir. June 12, 2017) ("Action 3"); (2) *Barnes v. Maloy*, No. 15-cv-6632, Dkt. No. 27 (W.D.N.Y. July 25, 2017) ("Action 4"); and *Barnes v. Mnuchin*, No. 21-cv-6727, Dkt. No. 8 (W.D.N.Y. Feb. 15, 2023) ("Action 6"). (Dkt. No. 112, at 11). Magistrate Judge Dancks noted that Plaintiff could nonetheless proceed with this action if the "imminent danger exception" applied to proceed without paying the filing fee in this case. (*Id.*). Magistrate Judge Dancks, however, found that no such exception applied in this case, because Plaintiff "makes no

4

argument that the imminent danger exception" applies, and in any event, "[a]t the time [P]laintiff filed his amended complaint, he was also no longer incarcerated at the facility where the last identified incident of wrongdoing occurred." (*Id.* at 12-13 (citing Dkt. No. 19, at 11-49, 54)).

In his objection, Plaintiff argues that none of the three actions should constitute a strike.[2] First, Plaintiff asserts that Action 3 should not count as a strike because "the federal court denied [him] access to the transcripts necessitated [sic] for [him] to articulate [his] argument." (Dkt. No. 117, at 2). This argument is without merit. The Second Circuit dismissed Plaintiff's appeal because his claims "lack[ed] an arguable basis in law or fact." (Dkt. No. 52-6, at 1 (citation omitted)). "The very essence of frivolousness within the meaning of § 1915 is the lack of an arguable basis in law or in fact[.]" *Akassy*, 887 F.3d at 96 (citation omitted). Therefore, Magistrate Judge Dancks correctly found that Action 3 counts as a strike.

Plaintiff objects to Magistrate Judge Dancks' determination that Action 4 counts as a strike, arguing that he was not able to get transcripts to "adequately appeal" Action 3. (Dkt. No. 117, at 2). Action 4 was dismissed "as frivolous" because the district court found Plaintiffs' claims were barred by a settlement agreement in Action 3. (Dkt. No. 52-7, at 2, 6-8). Because Action 4 was dismissed as frivolous, Action 4 also counts as a strike.

Plaintiff argues that Action 6 should not constitute a strike, because it was "not a civil rights action complaint for damages under 42 U.S.C. § 1983 which even falls under" the PLRA. (Dkt. No. 117, at 3). As Defendants note, the language of 28 U.S.C. § 1915(g) does not limit the PLRA to only civil rights actions. (*See* Dkt. No. 118, at 6). Moreover, Action 6 included claims

---

[2] Plaintiff's objections address other actions Magistrate Judge Dancks considered in her Report-Recommendation. (See Dkt. No. 117, at 2-3). The Court only reviews Plaintiff's objections with respect to the three actions that Magistrate Judge Dancks found to constitute strikes.

under 42 U.S.C. § 1983. *See Barnes v. Mnuchin*, No. 21-cv-6727, Dkt. No. 1, at 1 (W.D.N.Y. November 29, 2021).

Plaintiff also argues that Action 6 does not constitute a strike because it "does not apply to the PLRA period." (Dkt. No. 117, at 3). Plaintiff cites *Walker v. O'Brien*, which held "that cases properly brought under §§ 2241 or 2254 as habeas corpus petitions are not subject to the PLRA." 216 F.3d 626, 634 (7th Cir. 2000). But here, Action 6 was not filed as a habeas corpus petition. *See Barnes v. Mnuchin*, No. 21-cv-6727, Dkt. Nos. 1, at 1; 7, at 1-2.

Plaintiff also appears to argue that not all his claims in Action 6 were dismissed on § 1915(g) grounds, and therefore there is no "strike." (Dkt. No. 117, at 3 (citing *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010) (holding that "a strike is incurred under § 1915(g) when an inmate's case is dismissed *in its entirety* based on the grounds listed in § 1915(g)"). It is true that "a prisoner's entire 'action or appeal' must be dismissed on a § 1915(g) ground to count as a strike under the PLRA." *See Escalera v. Samaritan Vill.*, 938 F.3d 380, 382 (2d Cir. 2019). However, in Action 6 the court expressly reviewed and dismissed all of Plaintiff's claims with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Barnes v. Mnuchin*, No. 21-cv-6727, Dkt. No. 7, at 10. Under 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss the case at any time if the court determines that [ ] the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because Action 6 did not address any issues of immunity, Action 6 must have been dismissed either because it was "(i) frivolous or malicious" or (ii) "fail[ed] to state a claim on which relief may be granted[.]" *See* 28 U.S.C. § 1915(e)(2)(B). As Magistrate Judge Dancks properly concluded, both provisions are § 1915(g) grounds for

6

imposing a strike under the PLRA. (*See* Dkt. No. 112, at 10; 28 U.S.C. § 1915(g)). As such, Action 6 also constitutes a strike.

Plaintiff has not identified any other objection to Magistrate Judge Dancks's determination that the three strikes provision applies. The Court has therefore reviewed the remaining portion of the Report-Recommendation for clear error, and found none. Accordingly, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.

## V.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Dancks's Report-Recommendation (Dkt. No. 112) is **ADOPTED** in its entirety for the reasons stated therein; and it is further

**ORDERED** that Defendant's motion (Dkt. No. 52) to revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's *in forma pauperis* status is **REVOKED**; and it is further

**ORDERED** that if Plaintiff wishes to proceed with this action, he must pay the $405.00 statutory filing fee within thirty (30) days of the date of this order; and it is further

**ORDERED** that if Plaintiff fails to pay the statutory filing fee within thirty (30) days of the date of this order, the case will be dismissed without prejudice and without further order of the Court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: August 14, 2025
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge